**MUAN LI, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,**
**Respondent.**

No. 05–2436–ag.

United States Court of Appeals, Second Circuit.

March 21, 2007.

Lorance Hockert, New York, New York, for Petitioner.

Donald J. DeGabrielle, Jr., United States Attorney for the Southern District of Texas, Gerald Doyle, Assistant United States Attorney, Houston, Texas, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Muan Li, a native and citizen of China, seeks review of the April 27, 2005 order of the BIA affirming the August 17, 1999 decision of Immigration Judge ("IJ") Alan A. Vomacka denying petitioner's application for asylum, with-

holding of removal, and relief under the Convention Against Torture ("CAT"). *In re Muan Li,* No. A75 011 438 (B.I.A. Apr. 27, 2005), *aff'g* No. A75 011 438 (Immig. Ct. N.Y. City Aug. 17, 1999). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004)

■ As an initial matter, the record as a whole contradicts Li's assertion that the IJ made an ambiguous credibility determination. *Cf. Diallo v. INS,* 232 F.3d 279, 290 (2d Cir.2000). Furthermore, the IJ's adverse credibility determination was supported by "specific examples in the record of [omissions or] inconsistent statements . . . about matters material to [the applicant's] claim of persecution." Li's failure to include in his original asylum application any reference to his arrest and detention following a Catholic church service six months before he fled China is a substantial omission that "involve[s] the heart of the asylum claim." *Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003) (citation omitted). It is well-settled that "omissions that go to [the] heart of an applicant's claim can form the basis for an adverse credibility determination." *Cheng Tong Wang v. Gonzales,* 449 F.3d 451, 453 (2d Cir.2006). Li offered two different explanations for this omission, but the IJ was not compelled to credit either of them. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005).

In addition, the IJ noted other inconsistencies between Li's testimony and the record, including Li's confusing testimony about his family's household registration booklet. Because the registration booklet was the major piece of evidence that Li was born in violation of China's planned birth policy and therefore lacked any legal status in China, the problems surrounding this document similarly "involve[d] the heart of [his] asylum claim." *Secaida–Rosales,* 331 F.3d at 308 (citation omitted). Because the IJ properly considered the "cumulative effect" of these and other inconsistencies in the record, the adverse credibility determination was supported by substantial evidence. *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) (citations omitted).

■ Li failed to establish past persecution due to his lack of credible testimony and was not entitled to a presumption of a well-founded fear. *See* 8 C.F.R. § 1208.13(b)(1). Furthermore, as Li did not provide credible evidence of his religious beliefs or his membership in a particular social group, he has failed to show a subjective basis for a well-founded fear of future persecution. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir. 2004). Moreover, because the only evidence of a threat to Li's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). In addition, the adverse credibility finding also undermines Li's CAT claim because he has not offered any legitimate factual basis to show a likelihood of torture apart from his asylum claim. *See Paul,* 444 F.3d at 156; *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

Finally, we find no error with respect to the BIA's treatment of the supplemental claim for CAT relief based on an illegal departure from China that Li filed in November 2004. The BIA properly construed this submission as a motion to remand as it presented new evidence. *See* 8 C.F.R. § 1003.2(c)(1), (c)(4); *see also* 8 C.F.R. § 1003.1(d)(3)(iv). The BIA's denial of a motion to remand is held to the substantive standard of review for motions to reopen and reconsider, i.e., abuse of discretion. *Li Yong Cao v. Dep't of Justice*, 421 F.3d 149, 151 (2d Cir.2005). Although Li asserts that the evidence he submitted made out a *prima facie* case for CAT relief based on his illegal departure, the BIA has discretion to deny a motion to remand "even if the party moving has made out a *prima facie* case for relief." 8 C.F.R. § 1003.2(a). Furthermore, the BIA has not "acted in an arbitrary or capricious manner," *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted), in denying Li's motion where: (1) Li offered no explanation as to why evidence of his illegal departure could not have been presented to the IJ during the merits hearing in 1999, *see* 8 C.F.R. § 1003.2(c)(1); (2) Li's only evidence that he departed China without authorization is his own assertion in a statement included with the November 2004 submission; and (3) Li did not demonstrate that someone in his "particular alleged circumstances" is more likely than not to be tortured in China. *See Mu Xiang Lin v. United States Dep't of Justice*, 432 F.3d 156, 160 (2d Cir.2005) ("[I]mprisonment alone does not inherently constitute torture."); *Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED.